IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHASTITY PAYNE DUARTE,

          Plaintiff,

  vs.                                    No. CIV 04-436 DJS/LFG

AETNA LIFE INSURANCE COMPANY,

          Defendant.

**FINDINGS OF FACT AND**
**RECOMMENDED DISPOSITION[1]**

      THIS MATTER is before the Court on an application for approval of a settlement between

Plaintiff Chastity Payne Duarte, Defendant Aetna Life Insurance Company, and third-party

Defendants Cheryl Ortega and Elva Duarte.  Court approval is necessary because of the presence of

Shawn Duarte, who is a minor.[2]  Having heard the presentations of counsel, along with the testimony

of parties Chastity Payne Duarte, Cheryl Ortega, and Elva Duarte, the Court finds:

**Findings**

      1.  On March 22, 2004, Chastity Payne Duarte filed a complaint in New Mexico state court

---

[1]Parties were advised of their right to file objections to this report and recommendation within ten days, pursuant to 28 U.S.C. § 636(b)(1).  However, in order to expedite the approval of this settlement, counsel agreed at an August 30, 2004 hearing that they had no objections to the Court's proposed findings and recommended disposition.

[2]The general rule is that the court must give approval to a settlement when minor children are involved.  The court "has a special obligation to see that [children] are properly represented, not only by their own representatives, but also by the court itself."  Garcia v. Middle Rio Grande Conservancy Dist., 99 N.M. 802, 808, 664 P.2d 1000, 1006 (Ct. App. 1983), *overruled on other grounds by* Montoya v. AKAL Sec., Inc., 114 N.M. 354, 357, 838 P.2d 971, 974 (1992).

against Aetna Life Insurance Company ("Aetna") seeking, among other relief, a declaratory judgment naming her sole beneficiary of a life insurance policy issued by Aetna and insuring the life of Plainitff's husband, Decedent Jesse Lopez Duarte.  Aetna had the case removed to United States District Court on April 20, 2004, citing as jurisdictional grounds a federal question arising under the Federal Employee Retirement Income Security Act (ERISA), as the insurance policy in question was issued as part of a group insurance plan through Decedent's employer, Comcast Corporation.

2.  Aetna acknowledged that the proceeds of the life insurance policy were payable to Decedent's beneficiary or beneficiaries.  However, because a dispute had arisen as to the identities of the proper beneficiaries, Aetna sought and was granted permission to deposit the proceeds into the registry of the Court.  On June 7, 2004, Aetna deposited the sum of $47,000.00 into the Court Registry.

3.  On June 22, 2004, Cheryl Ortega and Elva Duarte were joined as third-party defendants.[3] Elva Duarte is the former spouse of Decedent Jesse Lopez Duarte and is the mother of his three children, Terry Duarte, age 22; April Duarte, age 21; and Shawn Duarte, age 16.  Cheryl Ortega is the *de facto* trustee for the three children's interests.

4.  A scheduling conference was held on July 12, 2004 before Chief United States Magistrate Judge Lorenzo F. Garcia.  The conference resulted in a proposal for settlement and, following the conference, the parties and their attorneys resumed settlement discussions and continued to communicate with the Court regarding their progress.  The parties and their attorneys eventually

---

[3]Plaintiff Chastity Duarte and Defendant Aetna had earlier consented to have the case heard and decided by United States Magistrate Judge Don J. Svet.  The consents of the two later-added third party defendants were obtained orally on September 1, 2004; their written consents will follow shortly and when received will be added to the Court file.

reached an agreement to settle the case, and the Court scheduled a fairness hearing to approve the terms of the settlement as it affects the interests of the minor child.

5.  Under the terms of the settlement, the total insurance policy proceeds of $47,000.00, which have been paid into the registry of the Court, are to be distributed as follows:  $7,992.81 to the Berardinelli Funeral Home; $2,000.00 to Cheryl Ortega, plus pro rata accrued interest;[4] $6,167.86 to Terry Duarte and attorney Brian E. Fitzgerald, plus pro rata accrued interest; $6,167.87 to April Duarte and attorney Fitzgerald, plus pro rata accrued interest; $6,167.87 to Elva Duarte for the benefit of Shawn Duarte, and attorney Fitzgerald, plus pro rate accrued interest; and $18,503.59 to Chastity Payne Duarte and attorney Michael Pottow, plus pro rate accrued interest.

6.  On August 30, 2004, the Court held a hearing in Santa Fe, New Mexico on the parties' application for approval of the settlement.  All parties were present, as were attorneys Michael Pottow for Plaintiff Chastity Duarte, Erika Anderson for Defendant Aetna, Ann Yalman for third-party Defendant Cheryl Ortega, and Joe Canepa for third-party Defendant Elva Duarte.

7.  At the hearing, Plaintiff and the two third-party Defendants testified that they authorized their respective attorneys to conduct settlement negotiations in this case and that they themselves participated in the settlement discussions.  They stated that their respective attorneys explained to them the strengths and weaknesses of their cases, the evidence they would need to present, and the benefits of a negotiated resolution.  Their attorneys explained the settlement agreement to them. They stated they understood the explanations and agreed to accept the settlement terms.

8.  Plaintiff and the two third-party Defendants further testified that they understood they had

---

[4]A ten percent assessment fee for processing by the Court will be subtracted from any interest accruing on the funds paid into the Court Registry.  D.N.M.LR-Civ. 67.1(b).

3

the right to participate in settlement discussions and had the right to approve the settlement terms. They also stated they understood they had no obligation to settle the case and could elect to go to trial if they so chose.  No one forced, coerced, or pressured them to settle, and their acceptance of the settlement was free and voluntary and not the product of force or coercion.

9.  Elva Duarte testified that her attorney explained to her that all funds allocated to her under this settlement are for the purpose and benefit of her minor son, Shawn Duarte, in accord with Leyba v. Whitley, 118 N.M. 435, 882 P.2d 26 (Ct. App. 1994), *reversed on other grounds,* 120 N.M. 768, 907 P.2d 172 (1995).  She stated she understood that if she agreed to the settlement, the terms of the settlement would be final as to the claims raised in this lawsuit and there would be no opportunity to reopen this litigation to seek more money, or to file new claims against any of the parties based on this insurance policy.  She stated she felt the settlement was fair and reasonable and in the best interests of her son Shawn, and she said the money would be used to provide for Shawn's education and related needs.

10.  All parties stated they were satisfied with the services provided them by their attorneys. They said they believe the settlement is fair and asked the Court to approve it.  None of the parties was under the influence of any medication, alcohol or drugs, either at the mediation process or at the fairness hearing.

11.  Because of the relatively small amounts involved and because each party was represented by counsel, the Court finds that the appointment of a guardian ad litem is not necessary in this case.

## Conclusion of Law

After consideration of the evidence, the presentations of counsel, and the parties' testimony, the undersigned Magistrate Judge concludes that the Court has jurisdiction over the parties and

subject matter, and further concludes that this settlement is in Shawn Duarte's best interests. Therefore, the Court recommends that the settlement be approved and that the case be dismissed with prejudice.


_Lorenzo F. Garcia_
Lorenzo F. Garcia
Chief United States Magistrate Judge